IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SONIA RODRIGUEZ,

     Plaintiff,

                               Case No. 12-CV-508  JEC/WDS

RELIOS INCORPORATED,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's *Motion to Dismiss Counts II, III, and VII of Plaintiff's Complaint for Damages*, filed May 11, 2012 (Doc. 3).  Having reviewed the pleadings, the governing authority, and being otherwise fully informed, the Court finds that Defendant's Motion is well-taken and will be granted.

I.       **Factual and Procedural Background**

This lawsuit arises from *pro se* Plaintiff's allegations that Defendant wrongfully terminated her.  *See* Complaint (Doc. 1-2) at 3.  Specifically, Plaintiff claims that after fourteen years of employment, Defendant terminated her because she complained to Human Resources that she was paid less than similarly situated male employees and because she spoke Spanish in the workplace.  *Id.*  Defendant denies terminating Plaintiff, stating instead that Plaintiff failed to provide I-9 documentation, including her driver's license, and failed to return to work after April 26, 2011, despite multiple phone calls requesting that she return.  Motion at 2.

On April 28, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").  Mot., Ex. A (EEOC Charge).  The EEOC Charge included

a section for the charging party to identify the basis of discrimination by checking the applicable

boxes.  *Id.*  Plaintiff checked the boxes for color, sex, national origin and equal pay

discrimination.  *Id.*  Plaintiff did not check the box for disability, nor did she state that she was

discriminated on the basis of disability in the narrative portion of the charge.  *Id.*  In the EEOC

Intake Questionnaire, completed at the same time as the charge, Plaintiff did state that she had a

disability.  Supplemental Brief in Support of Defendant's Mot. to Dismiss ("Supplemental

Brief") (Doc. 8), Ex. B (EEOC Intake Questionnaire) at 1.  However, in the next page of the

EEOC Intake Questionnaire, Plaintiff checked only the boxes of race, national origin and color

when asked to identify the basis for her claim of employment discrimination.  *Id.* at 2.

On July 6, 2011, Plaintiff submitted an affidavit to the EEOC, that stated, in pertinent

part, "I hereby wish to amend my complaint to include my Disability as I suffer from numbness

in both of my arms, my right shoulder, fingers and wrists."  Supp. Brief, Ex. C (Plaintiff's

Affidavit) at 2.  Plaintiff did not indicate in the affidavit that Defendant discriminated against her

on the basis of disability, that she had requested an accommodation, or that Defendant failed to

accommodate her disability.  *Id.*   The original EEOC Charge "was never actually amended to

include a claim of disability discrimination."  Supp. Brief at 2.  On December 19, 2011, the

EEOC issued a Dismissal and Notice of Right to Sue.  Compl. at 2.

Plaintiff originally filed this action within the Second Judicial District Court, State of

New Mexico, asserting claims for wrongful termination; breach of contract and the implied

covenant of good faith and fair dealing; and a failure-to-accommodate claim under the

Americans with Disabilities Act ("ADA"), among others.  Complaint (Doc. 1-2) at 4-5; 7-8.  On

May 12, 2012, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1331.  Notice

of Removal (Doc. 1) at 2.  Defendant requests dismissal of Plaintiff's breach of contract and

breach of the covenant of good faith and fair dealing claims, pursuant to Rule 12(b)(6), for

failure to state viable claims upon which relief can be granted.  Mot. at 1.  Defendant also

requests dismissal of Plaintiff's ADA claim, pursuant to Rule 12(b)(1), for lack of subject-matter

jurisdiction due to Plaintiff's failure to exhaust administrative remedies prior to bringing suit

under the ADA.  *Id*.

## II.     Legal Standards

### A.     Motions to Dismiss under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint or

claim for failure to state a claim.  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188,

1191 (10th Cir. 2009)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).  To

survive a Rule 12(b)(6) motion to dismiss, a complaint does not require detailed factual

allegations, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell

Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007)).  A plaintiff's obligation to set forth the

grounds of his or her entitlement to relief "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause will not do." *Twombly*, 127 S.Ct. at 1959.  Thus,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  *Id*.

Dismissal of a *pro se* complaint is proper if it fails to state a legally cognizable claim.

*Estelle v. Gambelle*, 497 S.Ct. 292 (1976).  Although a court must liberally construe *pro se*

pleadings, a litigant's *pro se* status does not excuse him or her from complying with the

fundamental requirements of the Federal Rules of Civil Procedure.  *Ogden v. San Juan County*,

32 F.3d 452, 455 (10th Cir. 1994).  "The court should not assume the role of advocate [for a pro

se litigant] and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-1521 (10th Cir. 1992) (internal quotations and citations omitted).

### B.        Motions to Dismiss under Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense of the court's "lack of jurisdiction over the subject matter" by motion.  Fed. R. Civ. P. 12(b)(1).  When moving to dismiss under Rule 12(b)(1), a party may go beyond the allegations in the complaint to challenge the facts upon which jurisdiction depends, and may do so by relying on affidavits or other evidence properly before the court.  *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).  Accordingly, a court has broad discretion to consider extrinsic materials when resolving disputed jurisdictional facts without converting a motion to dismiss to a Rule 56 motion for summary judgment.  *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995)*; Davis ex. rel. Davis* v. U.S., 343 F.3d 1282, 1296 (10th Cir. 2003).

### C.        Exhaustion of Administrative Remedies

"In the Tenth Circuit, a plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her ADA claims." *Mackenzie v. Denver, City and County of*, 414 F.3d 1266, 1274 (10th Cir. 2005) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996) and *Khader v. Aspin*, 1 F.3d 968, 970-971 (10th Cir. 1993)).  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that

can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.*

(citation omitted).  The exhaustion requirement provides the EEOC and state referral agencies

with the first opportunity to investigate discriminatory practices, obtain voluntary compliance

and promote conciliatory efforts.  *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218,

222 (8th Cir. 1994).  The Tenth Circuit liberally construes charges filed with the [EEOC] when

determining whether administrative remedies have been exhausted as to a particular claim,

however, "the charge must contain facts concerning the discriminatory and retaliatory actions

underlying each claim." *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1186 (10th Cir.

2007).  In other words, "[t]he failure to mark a particular box creates a presumption that the

charging party is not asserting claims represented by that box," which can be "rebutted if the text

of the charge clearly sets forth the basis of the claim." *Id*.

> **D.** **Breach of Contract and the Covenant of Good Faith and Fair Dealing**

Under New Mexico law, the general rule is that an employment relationship is for an

indefinite period and is terminable at the will of either party. *Hartberger v. Frank Paxton Co.*,

115 N.M. 665, 668 (1973), *cert. denied*, 510 U.S. 1118 (1994).  "An at-will employment

relationship can be terminated by either party at any time for any reason or no reason, without

liability." *Id*. (citation omitted).  However, an employer's power to discharge may be restricted

by an express contract or an implied contract arising out of employee handbooks, oral

representations or conduct. *Id*.  An implied contract is created only where an employer creates a

reasonable expectation of termination only for cause. *Id*.  "To create contractual rights, however,

the terms of the representation must be sufficiently explicit to create a reasonable expectation of

an implied contract." *Trujillo v. Northern Rio Arriba Elec. Coop.,* 131 N.M. 607, 615-616

(2001).

"The concept of the implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement." *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438 (1994).  New Mexico has refused to recognize a cause of action for breach of an implied covenant of good faith and fair dealing in the absence of a contract, as in the case of an at-will employment relationship.  *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 731 (1988).

### III.   Analysis

As a preliminary matter, the Court notes that Plaintiff has filed no written opposition to Defendant's Motion.  Pursuant to Local Rules 7.1(b) and 7.6(a), the failure of a party to file and serve a response in opposition to a motion within fourteen (14) calendar days after service of the motion constitutes consent to grant the motion.  *See* D.N.M.LR-Civ. 7.1(b) and 7.6(a). However, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond. *Persik v. ManPower, Inc*., 85 Fed. Appx. 127, 130 (10th Cir. 2003) (unpublished).  Accordingly, the Court considers Defendant's Motion to Dismiss on its merits.

### A.   The Court Will Dismiss the Breach of Contract and the Breach of the Covenant of Good Faith and Fair Dealing Claims

Plaintiff alleges that Defendant had "a contractual duty and obligation to deal with Plaintiff in a fair manner in all aspects of the employment relationship," and that Defendant "breached its contract when it subjected Plaintiff to the discriminatory actions which ultimately resulted in her termination."  *Id.*  Defendant responds that Plaintiff has failed to provide any facts supporting the existence of an express or implied contract, and that her claims are nothing more than "a formulaic recitation of the elements of a breach-of-contract claim."  Mot. at 4.

Indeed, Plaintiff provides no supporting facts for her conclusory allegation that Defendant "breached its contract" with her by "subjecting her to discriminatory actions which ultimately resulted in her termination."[1]  Compl. at 5.  Plaintiff does not allege the existence of an express contract, nor does she identify facts that might form the basis of an implied contract, such as the existence of company policies and procedures, oral representations or conduct restricting Defendant's ability to discharge her. *See Hartberger v. Frank Paxton Co.*, 115 N.M. at 668. Absent such specifics, Plaintiff's allegations are "legal conclusion[s] couched as factual allegation[s]." *Iqbal*, 129 S.Ct. at 1950.  Plaintiff has, therefore, failed to state a viable breach of contract claim, and the Court will dismiss the claim from the Complaint without prejudice. Because Plaintiff fails to state a viable breach of contract claim, the Court will also dismiss her claim for breach of the covenant of good faith and fair dealing.  *See Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726 (1988) (a breach of the  implied covenant of good faith and fair dealing does not exist in the absence of a contract).

###### B.      The Court Will Dismiss the Failure to Accommodate Claim

In Count VII of the Complaint, Plaintiff alleges discrimination in violation of the ADA "and or serious medical condition."[2]  Compl. at 8.  The only facts provided by Plaintiff in support of this claim are that "Defendant violated its contract of employment with Plaintiff by failing to reasonably accommodate her because of her medical problems with her arm, right shoulder,

---

[1]Plaintiff has separately alleged discrimination claims on the basis of gender and national origin in her Complaint.  Compl. at 6-7.

[2]It is unclear whether Plaintiff is attempting to make a separate claim of disability discrimination under the New Mexico Human Rights Act ("NMHRA").  However, regardless of whether complainants decide to pursue their grievances through the EEOC or with the state agency, they must first exhaust their administrative remedies before seeking judicial review.  *See Jones v. U.P.S., Inc*., 502 F.3d at 1183; *Sabella v. Manor Care, Inc*., 121 N.M. at 598.

fingers and wrist." *Id*. Defendant seeks dismissal of Plaintiff's failure to accommodate claim

because it was not within the scope of the EEOC's investigation. Supp. Brief at 4. Specifically,

Defendant asserts that even if the Court were to construe Plaintiff's affidavit referencing her

disability as sufficient to allege a claim of discrimination disability, "there are no facts to suggest

that Relios failed to accommodate Plaintiff as now alleged in her Complaint." Supp. Brief at 4.

Defendant correctly notes that "[a]n investigation into whether an employer failed to

accommodate an employee will not be reasonably expected to follow a charge of discrimination

based on disability where facts alleging failure to accommodate are not included in the charge."

Supp. Brief at 3 (citing *Jones v. U.P.S., Inc*., 502 F.3d 1176, 1186 (10th Cir. 2007). In *Mackenzie*

*v. Denver,* the plaintiff filed an EEOC charge in which she "alluded" to her disability of coronary

disease and alleged that her employer had violated the ADA by retaliating and discriminating

against her. 414 F.3d 1266 at 1273. In her subsequent lawsuit, the plaintiff asserted for the first

time that her employer refused her an accommodation. *Id*. at 1274, n.13. The Tenth Circuit

determined that "because [the] plaintiff failed to allege a failure to accommodate claim in her

original charge, she failed to exhaust her administrative remedies as to this claim and it is

dismissed." *Id*. (citing *Jones v. Sumser Ret. Vill*., 209 F.3d 851 (6th Cir. 2000).

A review of the EEOC documents[3] provided by Defendant reveal that Plaintiff did not

check the box for disability discrimination. Further, nothing contained in the narrative portion of

the EEOC Charge could be interpreted as a disability discrimination or failure to accommodate

claim. Even if the Court were to liberally construe Plaintiff's affidavit as a claim for disability

---

[3]Because this matter involves a substantive challenge to the Court's subject matter jurisdiction, the Court exercises its broad discretion to consider extrinsic materials bearing on disputed facts without converting this to a Rule 56 motion. *Holt v. U.S.*, 46 F.3d at 1003; *Davis ex rel Davis v. U.S.*, 343 F.3d at 1296.

discrimination, Plaintiff nonetheless failed to allege any facts supportive of her current allegation

that Defendant  failed to accommodate her.  Because Plaintiff did not allege a failure to

accommodate claim in her EEOC Charge, she has failed to exhaust her administrative remedies as

to this claim.  The Court, therefore, lacks subject matter jurisdiction over Plaintiff's failure to

accommodate claim and will dismiss it accordingly.

> WHEREFORE,

> **IT IS ORDERED** that *Motion to Dismiss Counts II, III, and VII of Plaintiff's Complaint*

*for Damages*, filed May 11, 2012 (Doc. 3) is **GRANTED**.


Dated October 29,  2012.




_____
SENIOR UNITED STATES DISTRICT JUDGE


*Pro se* Plaintiff

> Sonia Rodriguez
> Albuquerque, NM

Attorneys for Relios, Inc.:

> Quentin Smith, Esq.
> Iris L.M. Ring, Esq.
> Sheehan & Sheehan, P.A.
> Albuquerque, NM